J-S17003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AJANI LEE POSEY | : | |
| | : | |
| Appellant | : | No. 946 MDA 2019 |

Appeal from the PCRA Order Entered May 22, 2019
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s):  CP-22-CR-0000322-2017

BEFORE:  PANELLA, P.J., STABILE, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY PANELLA, P.J.:          **FILED: APRIL 14, 2020**

Ajani L. Posey appeals, *pro se*, from the order of May 20, 2019, which dismissed, without a hearing, his first petition brought under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  On appeal, Appellant claims he received ineffective assistance of plea counsel.[1]  For the reasons discussed below, we affirm.[2]

---

[1] On appeal, Appellant also appears to assert PCRA counsel was ineffective for failing to raise the claim plea counsel was ineffective for not filing a motion to suppress.  However, Appellant did not include this claim in his Rule 1925(b) Statement.  **See** Appellant['s] *Pro Se* 1925(b) Statement, 7/01/19, at unnumbered pages 1-4.  Therefore, he waived the claim.  **See** Pa.R.A.P. 1925(b)(4)(vii); **see also Commonwealth v. Lord**, 719 A.2d 306, 308 (Pa. 1998), *superseded by rule on other grounds as stated in* **Commonwealth v. Burton**, 973 A.2d 428, 431 (Pa. Super. 2009).

[2] The Commonwealth did not file a brief in this matter.

On August 30, 2017, the Commonwealth filed a criminal information charging Appellant with one count each of criminal attempt — homicide, robbery, aggravated assault, and burglary.[3] The charges arose out of a December 19, 2016 home invasion.

Appellant, who was involved in a dispute with the victim's stepson, kicked open the door of the victim's residence, while brandishing a knife. He then demanded the victim's money. When the victim tried to flee into a bedroom, Appellant kicked the bedroom door open and held the knife to the victim's throat. The victim grabbed the knife and, during the ensuing struggle, the knife cut the victim's hands. Appellant then fled the scene.

On September 6, 2017, Appellant entered an open guilty plea to one count each of aggravated assault, robbery, and burglary.[4] In return, the Commonwealth dropped the most serious charge, attempted homicide. On October 11, 2017, the trial court sentenced Appellant to an aggregate term of 5½ to 20 years' imprisonment. Appellant did not file any post-sentence motions or a direct appeal.

_____

[3] 18 Pa.C.S.A. §§ 901(a), 3701(a)(1)(ii), 2702(a)(1), and 3502(a)(1), respectively.

[4] The Commonwealth had offered a negotiated guilty plea, which Appellant rejected.

On July 16, 2018, Appellant, acting *pro se*, filed the instant, timely PCRA petition. The PCRA court subsequently appointed counsel. On November 17, 2018, counsel filed a petition to withdraw and a ***Turner***/***Finley***[5] "no merit" letter. On March 6, 2019, the PCRA court granted counsel's motion to withdraw and issued notice of its intent to dismiss the petition pursuant to Pennsylvania Rule of Criminal Procedure 907(1). Appellant, after being granted an extension of time, filed a response on May 6, 2019. The court denied Appellant's PCRA petition.

Appellant subsequently filed the instant, timely appeal. In response, the PCRA court directed Appellant to file a concise statement of errors complained of on appeal. ***See*** Pa.R.A.P. 1925(b). Appellant filed a timely Rule 1925(b) statement on July 1, 2019. ***See id.*** Ultimately, the court issued a statement adopting its Rule 907 notice as its opinion. ***See*** Pa.R.A.P. 1925(a).

Our standard of review for an order denying PCRA relief is well settled:

> [t]his Court's standard of review regarding a PCRA court's order is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. Great deference is granted to the findings of the PCRA court, and these findings will not be disturbed unless they have no support in the certified record.

---

[5] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

*Commonwealth v. Carter*, 21 A.3d 680, 682 (Pa. Super. 2011) (citations and quotation marks omitted).

Here, Appellant claims he received ineffective assistance of plea counsel. While it is somewhat difficult to parse the specifics of his claim because of Appellant's wholly inadequate two-page brief, this contention appears rooted in his belief that the evidence was insufficient to sustain a conviction for aggravated assault. Appellant bases this theory on the testimony at the preliminary hearing that he claims failed to prove serious bodily injury, the fact the Commonwealth never recovered the knife used in the robbery, and that the Commonwealth did not submit any medical records into evidence at the preliminary hearing. Therefore, he believes counsel wrongly advised him to plead guilty to aggravated assault. He also claims counsel refused his repeated requests to provide him with a copy of the preliminary hearing transcript before he entered into the guilty plea.[6]

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." *Commonwealth v. Rathfon*, 899 A.2d 365, 369 (Pa. Super. 2006) (citation omitted). Further, "[a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea." *Commonwealth v. Hickman*, 799 A.2d

---

[6] Appellant does not challenge counsel's stewardship with respect to his guilty plea to the charges of robbery and burglary.

- 4 -

136, 141 (Pa. Super. 2002) (citation omitted). Also, "[w]here the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends upon whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." ***Id.*** (internal quotation marks and citations omitted).

We presume counsel is effective, and Appellant bears the burden to prove otherwise. ***See Commonwealth v. Bennett***, 57 A.3d 1185, 1195 (Pa. 2012). The test for ineffective assistance of counsel is the same under both the Federal and Pennsylvania Constitutions. ***See Strickland v. Washington***, 466 U.S. 668, 687-88 (1984); ***Commonwealth v. Jones***, 815 A.2d 598, 611 (Pa. 2002). Appellant must demonstrate: (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the proceedings would have been different. ***See Commonwealth v. Solano***, 129 A.3d 1156, 1162-63 (Pa. 2015). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. ***See Jones***, 815 A.2d at 611. Where, as here, Appellant pleaded guilty, in order to satisfy the prejudice requirement, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Rathfon***, 899 A.2d at 370 (citation omitted).

This Court has held where the record clearly shows the court conducted a thorough plea colloquy and the defendant understood his rights and the nature of the charges against him, the plea is voluntary. **See Commonwealth v. McCauley**, 797 A.2d 920, 922 (Pa. Super. 2001). In examining whether the defendant understood the nature and consequences of his plea, we look to the totality of the circumstances. **See id.** At a minimum, the trial court must inquire into the following six areas:

(1)  Does the defendant understand the nature of the charges to which he is pleading [*nolo contendere*]?

(2)  Is there a factual basis for the plea?

(3)  Does the defendant understand that he has a right to trial by jury?

(4)  Does the defendant understand that he is presumed innocent until he is found guilty?

(5)  Is the defendant aware of the permissible ranges of sentences and/or fines for the offenses charged?

(6)  Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

**Id.** (citation omitted); **see also** Pa.R.Crim.P. 590, Comment.

Defense counsel or the attorney for the Commonwealth, as permitted by the court, may conduct this examination. **See** Pa.R.Crim.P. 590, Comment. Moreover, the examination may consist of both a written colloquy the defendant read, completed, and signed, and made a part of the record; and an on-the-record oral examination. **See id.**

Here, Appellant signed a written plea colloquy and engaged in an oral colloquy. *See* Written Guilty Plea Colloquy, 9/06/17, at unnumbered page 3; N.T. Plea Hearing, 9/06/17, at 1-7. We note Appellant did not contest any of the underlying facts as enunciated by the assistant district attorney, including the facts he threatened the victim with the knife, slashed at the victim, and the victim sustained injury while attempting to protect himself from the knife-wielding Appellant. *See* N.T. Plea Hearing, at 4-5. Appellant specifically stated he understood this evidence was sufficient to constitute the crime of aggravated assault. *Id.* at 6.

In the written plea colloquy, Appellant acknowledged he had read the charges against him, understood what he was pleading guilty to, and had fully discussed the case with counsel. Written Guilty Plea Colloquy, at unnumbered page 2. He averred he was pleading guilty of his own free will and was satisfied with counsel's representation. *See id.*

During the plea hearing, Appellant never claimed he had asked for the notes of testimony from the preliminary hearing and counsel refused to provide them. He also never stated he believed the evidence was insufficient to sustain the aggravated assault charge.

Sentencing took place over one month after the entry of the guilty plea. At no point prior to or during sentencing did Appellant express any dissatisfaction with counsel or indicate any wish to withdraw his plea.

Appellant did not file a direct appeal. It was not until approximately nine months later that Appellant expressed dissatisfaction with part of his guilty plea. He still has not stated he wishes to withdraw his plea, but instead seeks either a reduction in sentence or the withdrawal of the aggravated assault charge. Appellant's Brief, at unnumbered page 2. Further, at no point, including during the instant PCRA proceedings, has Appellant claimed he was actually innocent of the charges or, but for counsel's inadequate representation, he would have elected to proceed to trial.

The statements made during a plea colloquy bind a criminal defendant. *See Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002). As a result, a defendant cannot assert grounds for withdrawing the plea that contradict statements made at that time. *See Commonwealth v. Stork*, 737 A.2d 789, 790-91 (Pa. Super. 1999). Further, "[t]he law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty: 'All that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily and intelligently made.'" *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citation omitted). Here, Appellant has not shown that his decision to enter the plea to aggravated

assault was involuntary.[7] He has therefore failed to prove prejudice. Thus, his claims of ineffective assistance of plea counsel lack merit.

Accordingly, for the reasons discussed above, we affirm the PCRA court's dismissal of Appellant's PCRA petition without a hearing.

Order affirmed.

_____

[7] This Court has reviewed the record in this matter, including the notes of testimony from the preliminary hearing. Appellant's claim of insufficiency seems to be based in its entirety on a mistaken belief that the Commonwealth was required to produce all of the evidence it would have entered at trial at the preliminary hearing. He also misapprehends the nature of the charge of aggravated assault, believing the Commonwealth had to prove actual serious physical injury rather than an attempt to cause serious physical injury. ***See*** 18 Pa.C.S.A. § 2702(a)(1). Moreover, the testimony at the preliminary hearing clearly established Appellant brandished a knife at the victim and held the knife to his throat so tightly the victim believed it had cut his throat. The victim also testified the cuts to his hand were severe enough that, at the time of the preliminary hearing, approximately one month after the incident, he was still undergoing physical therapy and it was not clear he would regain full use of one hand. ***See generally***, N.T. Preliminary Hearing, 1/19/17, at 7-37. Had the victim testified consistently with his preliminary hearing testimony at trial, the evidence would have been sufficient to sustain a conviction for aggravated assault. ***See Commonwealth v. Walls***, 950 A.2d 1028, 1032 (Pa. Super. 2009) (holding evidence defendant stabbed victim causing cuts, scratches, and lacerations sufficient to sustain conviction for aggravated assault), *appeal denied*, 991 A.2d 313 (Pa. 2010); ***Commonwealth v. Matthews***, 870 A.2d 924, 933 (Pa. Super. 2005) (*en banc*) (concluding act of placing weapon to victim's throat and making threats to kill him, sufficient to sustain conviction for aggravated assault even though victim was not actually injured). Therefore, because the evidence would have been sufficient to sustain a conviction for aggravated assault counsel was not ineffective in advising Appellant to plead guilty to the charge.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/14/2020